**CHANG TEN JIANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–1064–ag.

United States Court of Appeals, Second Circuit.

Jan. 4, 2006.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Edmond Chang, Assistant United States Attorney, and Stuart Fullerton, Assistant United States Attorney, Chicago, Illinois, for Respondent.

Farah Loftus, Law Office of Farah Loftus, Los Angeles, California, for Petitioner.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

When the BIA affirms summarily the decision of an Immigration Judge ("IJ"), we review directly the IJ's decision. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if a reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales*, 331 F.3d at 307. Minor inconsistencies in a petitioner's testimony need not be fatal if they are isolated and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000).

Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *Id.* at 287. Finally, while an adverse credibility finding may be based on the inherent implausibility of particular allegations, *see, e.g., Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005), it may not be based on speculation and conjecture, *see Secaida–Rosales,* 331 F.3d at 307, 311, 312.

In this case, the IJ's credibility determinations were substantially supported by the record as a whole. The IJ's determinations were based on numerous and specific examples in the record of Ten's conflicting statements in his testimony and the testimony of his aunt, a lack of supporting evidence, and the unlikelihood that the police were eager to arrest Ten even though his mother had already been arrested and released for her practice. Accordingly, this Court concludes that the IJ's adverse credibility findings were based on "specific, cogent reasons" that bear a "legitimate nexus" to the findings. *Diallo,* 232 F.3d at 288.

For the foregoing reasons, the petition for review is denied.